## Hartley et al., Appellants, v. Hartley.

*Wills—Devise—First taker—Construction—Cutting down estate.*

1. Where testatrix devises, in the first clause of her will, a farm with the live stock, teams, tools and implements thereon to her son, and directs that he shall pay $800 to her executor, and further directs that he shall furnish a home for an adopted daughter of testatrix until such daughter is eighteen years old, such devise is not

cut down by a subsequent clause in the will, by which testatrix gave and bequeathed to other sons and to daughters all of her "property, real, personal and mixed, or wherever the same may be at the time of my death, share and share alike to them and their heirs forever," with bequests of specific articles in subsequent items of the will.

2. In such a case as the son was the first taker under the will, the estate given to him is not to be cut down, in the absence of an intent by the testatrix to do so, clearly expressed in the subsequent portions of her will.

Argued April 29, 1919. Appeal, No. 37, Jan. T., 1919, by plaintiffs, from order of C. P. Erie Co., May T., 1917, No. 163, discharging rule for judgment for plaintiffs under the pleadings in case of H. W. Hartley, E. E. Hartley, Anna Jane Sparling and Mary Ellen Burch v. J. C. Hartley. Before BROWN, C. J., MOSCHZISKER, FRAZER, SIMPSON and KEPHART, JJ. Affirmed.

Ejectment for land in Greenfield Township. Before ROSSITER, J.

From the record it appeared that plaintiffs claimed under clause 3 of the will of Lucinda W. Hartley. The defendant claimed under clause 2 of the same will.

The material portions of the will are as follows:

"Item 2. I give and devise unto my son, Joseph Charles Hartley, my farm of about eighty-five acres situate in Greenfield Township, County and State aforesaid, bounded and described as follows, to-wit: On the north by the Rich Hill Road, on the west by land of Ed. Smith, on the south by land of G. S. Wilkson, on the east by land of the heirs of Elsie Whitney, together with the live stock, teams, tools and implements pertaining thereto, together with my household goods and contents of my house and barn and other buildings on the following conditions: My said son, Joseph Charles Hartley, is to pay to my hereinafter named executor the full sum of eight hundred dollars ($800) as soon as can conveniently be done after my decease.

"Item 3. I give and bequeath to my sons, H. W. Hartley and E. E. Hartley, and my daughters, Anna Jane,

intermarried to George Bemiss, and Mary Ellen, the wife of John P. Burch, all of my property, real, personal and mixed, or wherever the same may be at the time of my death, share and share alike to them and their heirs forever, and further I direct that my son, Joseph C. Hartley shall furnish a home for my adopted daughter, Jessie May Hartley, until she is 18 years old."

By subsequent items of the will certain specific articles were bequeathed.

The court discharged the rule for judgment for plaintiffs on the pleadings. Plaintiffs appealed.

*Error assigned* was order discharging the rule for judgment.

*S. Y. Rossiter,* with him *A. A. Freeman,* for appellants. —Where there are two clauses in a will which are so inconsistent with each other that it is impossible to give effect to both, the former must give way to the latter: Strickle's App., 29 Pa. 234; Simpson's Est., 245 Pa. 244.

*Monroe Echols* and *Charles A. Mertens,* for appellee, were not heard.

PER CURIAM, May 21, 1919:

By item 2 of the will of Lucinda W. Hartley she devised in fee the farm in controversy to her son, Joseph C. Hartley, the defendant below, charged with the payment of $800. He was the first taker under the will, and the estate given him is not to be cut down in the absence of an intent by the testatrix to do so, clearly appearing in the subsequent portions of her will: Mickley's App., 92 Pa. 514. Such intent does not appear, and the judgment is affirmed on the following from the opinion of the learned court below discharging the rule for judgment for the plaintiffs on the pleadings: "Taken as a whole, it was the evident intent of the testatrix to devise the farm of 85 acres, situated in Greenfield Town-

ship, together with the live stock, tools, teams, and implements pertaining thereto, etc., to her son, Joseph Charles Hartley, require him to support her adopted daughter, Jesse May Hartley, until she was eighteen years old, charge that farm with $800, and, under the third item, to give the balance of the estate to the persons named in that item, except the specific articles bequeathed in the following items of the will."

Judgment affirmed.